Case 4:23-cv-00019   Document 19   Filed on 07/07/23 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
July 07, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Michael & Mimi Guzman, | § § § | |
| Plaintiffs, | § | |
| VS. | § § | CIVIL ACTION NO. 4:23-CV-00019 |
| Allstate Vehicle and Property Insurance Company, | § § § § | |
| Defendant. | § | |

## ORDER

Pending before the Courts Defendant Allstate Vehicle and Property Insurance Company ("Allstate" or "Defendant") Motion to Dismiss. (Doc. No. 8). Plaintiffs Michael and Mimi Guzman (collectively the "Guzmans" or "Plaintiffs") filed a Response. (Doc. No. 16). After considering the motions and the law, the Court hereby denies Defendant's Motion to Dismiss. (Doc. No. 8).

### I. Background

Plaintiffs brought this lawsuit against their property insurance company, alleging that their property was damaged by a covered event and that the insurance company wrongfully denied their claim for policy benefits.

As provided in the Complaint, Plaintiffs' home was damaged by a hail and windstorm in Montgomery County, Texas, causing over $100,000 in damages. After the storm, Plaintiffs submitted a claim to Allstate. Allstate assigned the claim to an agent. The agent was to inspect and adjust the claim. After the inspection, the agent generated an estimate of damages in the amount of $5,500.89. Plaintiffs contend the agent misrepresented the cause, scope, and cost to repair the damages to Plaintiff's property and filed this suit seeking full coverage.

Plaintiffs filed this lawsuit asserting breach of contract, Texas Insurance Code, Deceptive Trade Practices Act, and breach of good faith and fair dealing causes of action. Defendant did not file an answer but filed a Motion to Dismiss, arguing Plaintiffs failed to plead sufficient facts to make out a plausible or cognizable claim for relief. (Doc. No. 8 at 1).

In its Motion, Allstate challenges the adequacy of Plaintiff's allegations for each cause of action. Plaintiffs argue the factual allegations in their Complaint are sufficient to show that the right to relief is plausible, and thus, dismissal is improper. (Doc. No. 16 at 4).

## II. Legal Standard

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Similarly, a plaintiff may file a Rule 12(b)(6) motion to dismiss a counterclaim. *See Kansas v. Nebraska*, 527 U.S. 1020 (1999). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual

assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### III. Discussion

Examining the Complaint as a whole and accepting the allegations as true, as the Court must at this stage, the Plaintiffs pleaded sufficient facts to make out cognizable claims for relief. In their Complaint, Plaintiffs provide the claim number and the assigned date of loss. (Doc. No. 1 at ¶ 11). They also explain the complained off conduct—that is, that Allstate "conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage. (Doc. No. 1 at ¶ 14). The Complaint continues, alleging that the Allstate agent was aware of Plaintiff's deductible prior to inspecting the property and had advanced knowledge of the damages they needed to document in order to deny the claim. (Doc. No. 1 at ¶ 19). Further, Plaintiffs allege that the agent misrepresented the actual amount of damage sustained in hopes that Plaintiffs would rely on her bad faith estimate as a true representation of the damages and that Plaintiffs "relied on Allstate and Spence's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's property. (Doc. No. 1 at ¶ ¶ 19, 23). Ultimately, Plaintiffs' contend that their damages are a result of Defendant's misrepresentations and failure to provide coverage under their insurance policy. (Doc. No. 1 at ¶ 24).

The Complaint, while by no means a model one, alleges sufficient facts to state claims for breach of contract, Texas Insurance Code, the Deceptive Trade Practices Act, and breach of good faith and fair dealing causes of action. Therefore, Defendant's Motion to Dismiss (Doc. No. 8) is

denied. If the Defendant believes the allegations are inadequate, it can pursue discovery to tie down the specifics pertaining to each allegation, and if they are meritless, the Court will entertain a Motion filed under Federal Rule of Civil Procedure 56.

## IV. Conclusion

For the aforementioned reasons, the Court denies Defendant's Motion to Dismiss. (Doc. No. 8).

Signed at Houston, Texas, this 7th day of July, 2023.

Andrew S. Hanen